UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON PATRICK PATTERSON,

        Plaintiff,

v.

        Case Nos. 25-cv-0283-bhl &
        25-cv-0384-bhl

W ANDREW VOIGT, et al,

        Defendants.

## ORDER

On February 26, 2025, Plaintiff Brandon Patterson, proceeding without an attorney, filed this lawsuit against a host of defendants. (ECF No. 1, Case No. 25-cv-0283-bhl.) That same day, he filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 2, Case No. 25-cv-0283-bhl.) On March 20, 2025, the Court considered Patterson's motion and screened his complaint. (ECF No. 5, Case No. 25-cv-0283-bhl.) The Court granted the IFP motion but dismissed his complaint for failure to state a claim. (*Id.* at 4.) The Court then gave Patterson until April 21, 2025 to file an amended complaint if he wished to try to cure the problems with his initial pleading. (*Id.*)

Patterson attempted to file an amended complaint on March 13, 2025. (ECF No. 1, Case No. 25-cv-0384-bhl.) His amended complaint asserts claims against more than a dozen defendants, including W. Andrew Voigt, Todd Helper, Megan M. Hatton, Julie Kayartz, Andrea Van Hoss, "Deputy Clerk of Courts Katina," Brenda Yaskal, Ashley Slater, Jail Captain Brian Kjorlie, "Sergeant Firestone," "Deputy Cunningham," Roger L. Brandner, Austin Nash, Attorney Rich Davis LLC, Jessica J. Hale, Jesse Lee Leichsenring, and Stellar Services LLC. (*Id.*) Through no fault of Patterson, the Clerk incorrectly docketed his pleading as an entirely new complaint and opened a new case, Case No. 25-cv-0384-bhl. With his amended pleading, Patterson filed a petition for writ of quo warranto, which the Clerk docketed in the newly opened case. (ECF No. 2, Case No. 25-cv-0384-bhl.)

On March 17, 2025, after being notified that he must pay a filing fee or petition for IFP in the newly opened case, Patterson filed a motion for IFP in the second case. (ECF No. 5, Case No. 25-cv-0384-bhl.) And, likely due to his confusion over the two pending cases, on March 27, 2025, Patterson filed a motion to reopen his initial case. (ECF No. 6, Case No. 25-cv-0283-bhl.)

The Court apologizes for the confusion over Patterson's filings and the Clerk's opening of an unnecessary second case. To resolve this confusion and simplify matters, the Court will order the cases consolidated and direct the Clerk to docket the complaint in Case No. 25-cv-0384-bhl as an amended complaint in Case No. 25-cv-0283-bhl. The Court will consider the amended complaint timely filed under the Court's March 20, 2025 screening order. (*See* ECF No. 5, Case No. 25-cv-0283-bhl.) Given this resolution, Patterson's motion to reopen Case No. 25-cv-0283-bhl will be denied as unnecessary. Indeed, a final judgment or order was never entered in that case, and it remains open. All future filings concerning Patterson's case will be docketed in Case No. 25-cv-0283-bhl.[1]

Having addressed the Clerk's docketing errors, the Court will now address Patterson's petition for quo warranto and will screen his amended complaint.

## PETITION FOR QUO WARRANTO

Patterson has filed a petition for quo warranto against Columbia County, Wisconsin, by which he challenges the county's "unlawful assertion of power and jurisdiction over him in the absence of lawful authority." (ECF No. 2 at 1, Case No. 25-cv-0384-bhl.) "Quo warranto is an ancient and extraordinary remedy used to correct the 'usurpation, mis-user, or non-user, of a public officer or corporate franchise.'" *Griffin v. Wis. State Gov't Accountability Bd.*, No. 10-MC-16, 2010 WL 1734887, at *1 (E.D. Wis. Apr. 28, 2010) (quoting *United States ex rel. Wisconsin v. First Fed. Sav. & Loan Ass'n,* 248 F.2d 804, 807 (7th Cir. 1957)). Federal courts do not have original jurisdiction over quo warranto actions. *First Fed. Sav. & Loan Ass'n*, 248 F.2d at 809. Accordingly, Patterson's petition requesting such a writ is denied for lack of jurisdiction.

## SCREENING THE AMENDED COMPLAINT

The IFP statute requires the Court to dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Accordingly, after evaluating

---

[1] Patterson's renewed motion for IFP, (ECF No. 5, Case No. 25-cv-0283-bhl), is denied as moot, as the Court already granted IFP in his original case, (*see* ECF No. 5, Case No. 25-cv-0384-bhl).

a *pro se* plaintiff's IFP request, the Court must also screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

Patterson's amended complaint alleges very few facts. "On or about" October 31, 2021, January 31, 2024, and January 9, 2025, Patterson was detained by Columbia County law enforcement officers. (ECF No. 1 at 1, Case No. 25-cv-0384-bhl.) At some point, the "Defendant's agents" conducted a search of Patterson's home, vehicle, and personal property, some of which was seized. (*Id.* at 1–2.) Patterson believes the three arrests, as well as the search and seizure, were unlawful. (*Id.*) Patterson invokes both 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978) to hold the Defendants liable for allegedly violating his Fourth, Fifth, and Fourteenth Amendment rights.

Both Section 1983 and *Monell* require plaintiffs to allege, and ultimately prove, an underlying constitutional violation. *See First Midwest Bank ex rel. LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). Patterson cites the Fourth Amendment, which prohibits unreasonable searches and seizures, the Fifth Amendment, which gives the right against self-incrimination, and the Fourteenth Amendment, which guarantees due process and equal protection of the laws. Patterson fails, however, to allege facts plausibly suggesting that any of the named defendants violated any of these rights.

Under Federal Rule of Civil Procedure 8(a), a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" and providing the defendants with "fair notice" of the claim. *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, Patterson must plead facts sufficient to put each Defendant on notice of any claims against him or her. While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), Patterson has not alleged sufficient facts to allow the defendants notice of their alleged violations of his rights. It is unclear why he believes any search and seizure was unreasonable and his conclusory assertions of constitutional violations are insufficient. *See Iqbal*, 556 U.S. at 678 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing *Twombly*, 550 U.S. at 555)). Patterson has similarly failed to allege facts to support a claim that his Fifth Amendment rights were violated or that the arrests violated Patterson's right to due process or equal protection. Simply stating that the arrests were unlawful is insufficient.

Patterson's complaint is deficient in other ways as well. Although Patterson lists many defendants, he does not explain how any of them was involved in the underlying arrests or the search and seizure. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal. . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful."). And, if Patterson ever had viable claims arising from his arrest on October 31, 2021, they are likely time-barred. For claims arising in 2021, the statute of limitations for Section 1983 and *Monell* actions in Wisconsin is three years. *See D'Acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018, the Wisconsin legislature changed the relevant statute of limitations from six years to three years). Thus, to comply with the statute of limitations, Patterson was required to file his complaint by October 31, 2024. But Patterson did not file his complaint until February 26, 2025. (ECF No. 1, Case No. 25-cv-0283-

bhl.) Accordingly, any Section 1983 and *Monell* claims concerning his October 31, 2021 arrest are almost certainly time-barred.

Given the clerical mistakes that have sidetracked this case—for which Patterson bears no responsibility—and because Patterson is acting without help from a lawyer, the Court will allow him the opportunity to file a second amended complaint that attempts to cure the deficiencies identified in this order. If he decides to proceed with a second amended complaint, he must file the second amended complaint *only* in Case No. 25-cv-0283. Patterson should draft his proposed second amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Patterson should set forth his allegations in short and plain statements, focusing on the *facts* of his case rather than abstract legal terms. He should ensure that his second amended complaint can be understood by someone who is not familiar with the facts of his case. And he should name as defendants *only* those specific individuals who are involved with the facts of his case. Patterson is advised that his second amended complaint must include the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint supersedes all prior complaints and must be complete in itself, without reference to any other complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Case No. 25-cv-0384-bhl be **CLOSED**. The complaint, ECF No. 1, Case No. 25-cv-0384-bhl, must be docketed as an amended complaint in Case No. 25-cv-0283-bhl. The petition for quo warranto, ECF No. 2, Case No. 25-cv-0384-bhl, must be docketed in Case No. 25-cv-0283-bhl. The motion for leave to proceed without prepayment of the filing fee, ECF No. 5, Case No. 25-cv-0384-bhl, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Patterson's amended complaint, ECF No. 1, Case No. 25-cv-0384-bhl, is **DISMISSED without prejudice**. If Patterson wishes to proceed with this lawsuit, he must file a second amended complaint in Case No. 25-cv-0283-bhl. A second amended complaint must be filed with the Court on or before **May 19, 2025**. If the Court does not receive

Patterson's second amended complaint by that date, the case will be dismissed for his failure to prosecute pursuant to Civil L. R. 41(c).

**IT IS FURTHER ORDERED** that Patterson's petition for quo warranto, ECF No. 2, Case No. 25-cv-0384-bhl, is **DENIED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that Patterson's motion to reopen, ECF No. 6, Case No. 25-cv-0283-bhl, is **DENIED as unnecessary**.

Dated at Milwaukee, Wisconsin on April 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge